## IN THE UNITED STATES COURT OF APPEALS
## FOR THE NINTH CIRCUIT

| | |
|---|---|
| NORTHSTAR FINANCIAL ADVISORS, INC., on behalf of itself and all others similarly situated<br><br>Plaintiff-Appellant,<br><br>v.<br><br>SCHWAB INVESTMENTS; MARIANN BYERWALTER, DONALD F. DORWARD, WILLIAM A. HASLER, ROBERT G. HOLMES, GERALD B. SMITH, DONALD R. STEPHENS, MICHAEL W. WILSEY, CHARLES R. SCHWAB, RANDALL W. MERK, JOSEPH H. WENDER, and JOHN F. COGAN AS TRUSTEES OF SCHWAB INVESTMENTS; and CHARLES SCHWAB INVESTMENT MANAGEMENT, INC.,<br><br>Defendants-Appellees. | No. 11-17187 |

**MOTION FOR LEAVE TO FILE *AMICI CURIAE* BRIEF IN SUPPORT OF PETITION FOR PANEL REHEARING OR REHEARING EN BANC ON BEHALF OF INVESTMENT COMPANY INSTITUTE AND <u>INDEPENDENT DIRECTORS COUNCIL</u>**

Pursuant to Fed. R. App. P. 29(b) and Circuit Rule 29-2, the Investment

Company Institute (ICI) and the Independent Directors Council (IDC)

respectfully move this Court for leave to file an *amici curiae* brief supporting

-1-

Defendants-Appellees' petition for panel rehearing or rehearing en banc. Pursuant to Circuit Rule 29-3, ICI and IDC have endeavored to obtain the consent of all parties to the filing of the brief. Defendants-Appellees have consented, but Plaintiff-Appellant, through its counsel, has declined to consent.

For the reasons below, ICI and IDC respectfully submit that their participation as *amici* will assist the Court in resolving whether to grant the petition.

## A. Interest of the Proposed *Amici*

ICI is the national association of registered investment companies in the United States. ICI's members include open-end investment companies (the most common kind of investment company, which includes both mutual funds and most exchange-traded funds (ETFs)), closed-end investment companies, and unit investment trusts. ICI's members collectively account for 97 percent of the over $17 trillion invested in the United States in these various types of funds.

ICI has three core missions: encouraging adherence to high ethical standards by all industry participants; promoting public understanding of funds; and advancing the interests of funds and their shareholders, directors, and investment advisers. As part of these missions, ICI pursues an extensive research program and is the primary source of aggregate industry data relied on by government regulators, industry participants, and independent observers.

IDC, part of ICI, aims to advance the education, communication, and policy positions of fund independent directors and promote public understanding of their role. IDC supports fund independent directors in fulfilling their responsibilities to advance the interests of fund shareholders. It promotes the highest standards of fund governance for the benefit and protection of fund shareholders. And it keeps fund directors informed about issues that affect their ability to fulfill their responsibilities while adapting to the rapidly changing financial services landscape. IDC's activities are led by a Governing Council of independent directors from among the nearly 2,000 directors who sit on the boards of ICI member funds. IDC provides the perspective of fund independent directors on policy matters.

Both ICI and IDC regularly engage in legislative, regulatory, and other initiatives aimed at increasing government and public awareness of issues affecting funds, directors, and their shareholders. In view of their respective constituents, missions and expertise, ICI and IDC are well-suited to assist the Court in understanding the extraordinarily broad impact of the panel's decision on mutual funds, their shareholders, boards, and investment advisers.

## B. Reasons for Granting Leave to File

ICI and IDC are in a unique position to provide highly relevant information about mutual funds and their pervasive role as the primary vehicle

-4-

for savings and investment by over 96 million Americans.  The accompanying

*amici* brief offers the ICI's and IDC's insights about the extent to which the

panel's decision, which departs from long-standing law governing mutual funds,

will have an adverse impact on the nation's thousands of mutual funds and their

tens of millions of shareholders.  It explains how the panel has misapprehended

federal and Massachusetts law on these important issues.  And it quantifies the

potential nationwide impact of the decision using ICI data on the mutual fund

industry.  The brief explains that the legal structure at issue in this case is used

by thousands of other U.S. mutual funds, making the panel's fundamental

misunderstanding of that structure exceptionally important.

ICI and IDC therefore respectfully request that the Court grant leave for

them to file the attached *amici curiae* brief.

-5-

Respectfully submitted,

 s/ Michael K. Isenman
Michael K. Isenman
William M. Jay
Andrew Kim*
GOODWIN PROCTER LLP
901 New York Avenue NW
Washington, DC  20001
Telephone:  (202) 346-4000

*Attorneys for Movants Investment
Company Institute and Independent
Directors Council*

Dated:  April 2, 2015

* Admitted only in California.  Application to the D.C. Bar is pending; practice supervised by Michael K. Isenman.

-6-

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have caused the foregoing motion to be electronically filed with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system on April 2, 2015.

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.


Dated:  April 2, 2015      s/ Michael K. Isenman
              Michael Isenman
              GOODWIN PROCTER LLP
              901 New York Avenue NW
              Washington, DC 20001
              Telephone:  (202) 346-4000